CHARLES W. HINGLE (#1947)
ROBERT L. STERUP (#3353)
SHANE P. COLEMAN (#3417)
HOLLAND & HART LLP
401 NORTH 31st STREET, SUITE 1500
BILLINGS, MONTANA 59101
(406) 252-2166 (PHONE)
chingle@hollandhart.com (EMAIL)
rsterup@hollandhart.com (EMAIL)
spcoleman@hollandhart.com (EMAIL)

**Attorneys for the Petitioning Creditors**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Chapter 11 |
| BLX Group, Inc., | Case No. 09-61893-RBK |
| Debtor. | |

### EMERGENCY MOTION OF YELLOWSTONE CLUB LIQUIDATING TRUST FOR APPOINTMENT OF TRUSTEE; AND NOTICE

The Yellowstone Club Liquidating Trust ("YCLT"), by and through its trustee, Marc S. Kirschner, hereby moves on an emergency basis for an order directing the United States Trustee to appoint a trustee under section 1104(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to protect certain assets of Debtor BLX Group, Inc. (the "Debtor").

### **Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought is 11 U.S.C. § 1104(a).

**Background**

3.      On September 21, 2009, YCLT, Moller's Garden Center, Inc. and Suter Financial Group, Inc. (the "Petitioning Creditors"), under section 303(c) of the Bankruptcy Code, filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code (the "Involuntary Bankruptcy").

4.      Petitioning Creditors have unsecured claims in excess of $190 million.

5.      Edra Blixseth ("Blixseth") is the director and president of the Debtor. On March 26, 2009, Blixseth filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Blixseth Bankruptcy"). Richard J. Samson, as the duly appointed and acting trustee in the Blixseth Bankruptcy, is currently the sole shareholder of the Debtor, and Blixseth has all residual equity in the shares of Debtor after creditors are paid in full in the Blixseth Bankruptcy.

6.      Among other assets, the Debtor owns real property in Rancho Mirage, California, commonly known as Porcupine Creek ("Porcupine Creek"), and a resort in Mexico, and has significant claims against Blixseth. Blixseth currently resides at Porcupine Creek and controls all spending related thereto.

7.      Among other improvements, Porcupine Creek contains an 18-hole golf course designed by Tom Weiskopf, a 30,000 square foot residence, and four separate 2,700 square foot homes. Porcupine Creek has recently been appraised for in excess of $100 million.

**Appointment Of A Trustee Is Appropriate**

8.      Upon the request of a party in interest, after notice and a hearing, Section 1104(a) of the Bankruptcy Code requires the court to appoint a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . ." 11 U.S.C. § 1104(a)(2).

9. Appointment of a trustee during the "gap period" between the filing of the involuntary petition and the entry of an order of relief is appropriate in a chapter 11 case under the plain language of 11 U.S.C. § 1104(a). <u>In re Professional Accountants Referral Servs., Inc.</u>, 142 B.R. 424, 430 (D. Colo. 1992) (quoting 11 U.S.C. § 1104(a) which provides that "[a]t any time after commencement of the case but before confirmation of a plan," the court "shall order the appointment of a trustee" under certain circumstances). Under section 303(b) of the Bankruptcy Code, a case is commenced by the filing of a petition.

### Appointment Of A Trustee Is In The Best Interests Of Creditors

10. Appointment of a trustee in this case is justified under section 1104(a)(2) of the Bankruptcy Code because it is in the best interests of creditors and other stakeholders for an independent trustee to manage and protect Porcupine Creek until it can be sold under a professionally managed sale process.

11. Porcupine Creek requires expenditures for maintenance and security, prudent golf course management and professional marketing expenses. YCLT also believes Porcupine Creek should be marketed wisely by skilled professionals and the golf course should be managed by golf course management professionals. YCLT has arranged for post-petition financing to be proposed to the chapter 11 trustee, if appointed by the Court, in an amount sufficient to cover necessary expenses for up to one year.

12. Significantly, YCLT believes an experienced chapter 11 trustee will agree with YCLT that a first mortgage lien on Porcupine Creek of $35 million held by CIP Yellowstone Lending, LLC, an affiliate of CrossHarbor, is avoidable as a fraudulent transfer. YCLT believes an experienced chapter 11 trustee will quickly analyze all issues as to the validity of the CIP loan and take prompt action to void such lien, in which case the $35 million lien will no longer be a factor. There are several smaller junior liens behind the $35 million CIP lien; however YCLT

believes with professional marketing for a period of up to a year, maximum value can be obtained for Porcupine Creek, which will result in full payment of all valid liens junior to CIP's voidable lien and there will be a significant recovery for unsecured creditors.

13.  Upon information and belief, during the past year, neither the Debtor nor CIP hired professional marketing agents to attempt to seek the highest and best sale value for Porcupine Creek. CIP had a foreclosure sale of Porcupine Creek scheduled for Wednesday, September 23, 2009. While CIP has been advancing preservation expenses for Porcupine Creek, the Trustee understands, on information and belief, that it terminated its funding on Friday, September 18, 2009. YCLT is confident a skilled chapter 11 trustee with appropriate financing will be able to manage Porcupine Creek to benefit all legitimate creditors rather than permit the property to be given at a bargain "fire sale" price to a first mortgagee with a voidable lien.

14.  Additionally, it is in the best interests of all creditors to eliminate the insider circumstances and conflicts of interest created by Blixseth's interest in Porcupine Creek. First, although Blixseth is the director and president of Debtor and thus owes a fiduciary duty to all creditors, Blixseth personally retains any residual equity interest in Debtor after all creditors are paid. Second, Blixseth currently resides at Porcupine Creek and controls any spending related thereto. When a post-petition loan is obtained, Blixseth would control the loan and, because she personally retains the residual equity interest, would not be incented to spend wisely to benefit all creditors. A Debtor owes fiduciary duties to creditors and a sole residual equity holder cannot fulfill such fiduciary duties.

WHEREFORE, YCLT respectfully requests entry of an order directing the United States Trustee to appoint a chapter 11 trustee to manage and protect Porcupine Creek.

4

Dated: September 22, 2009, at Billings, Montana

/s/  Charles W. Hingle
Charles W. Hingle
Robert L. Sterup
Shane P. Coleman
HOLLAND AND HART LLP
401 North 31st Street
Suite 1500
Billings, Montana 59101
(406) 252-2166 (Phone)
chingle@hollandhart.com (Email)
rsterup@hollandhart.com (Email)
spcoleman@hollandhart.com (Email)

## CERTIFICATE OF SERVICE

I hereby certify that in addition to those parties served through the Courts' ECF system, a copy of the above and foregoing was mailed to the following persons by U.S. mail at the address set forth below, on the 22nd day of September, 2009.

Matthew Crocker
Montana Registered Agent for BLX Group, Inc.
6730 Tawny Brown Lane
Bozeman MT 59718

BLX Group, Inc.
71713 Highway 111
Rancho Mirage CA 92270

Richard J. Samson
310 West Spruce
Missoula MT 59802

David Cotner
201 West Main, Suite 201
Missoula MT 59802

Gary S. Deschenes
P. O. Box 3466
Great Falls MT 59403-3466

Dennis J. Holahan
2049 Century Park East, Suite 3180
Los Angeles CA 90067

U.S. Bankruptcy Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls MT 59401

                                                /s/ Charles W. Hingle

6

## NOTICE TO DEBTORS AND INTERESTED PARTIES

**If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time, and location of the hearing by inserting in the caption the following:**

    **NOTICE OF HEARING**
    **Date:** _____
    **Time:** _____
    **Location:** _____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

4617289_1.DOC