UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**BLX GROUP INC**,

Debtor.

Case No. **09-61893-11**

# MEMORANDUM OF DECISION

At Butte in said District this 8th day of March, 2012.

Pending in this Chapter 11 case is the Final Application for Chapter 11 Trustee's Fees and Expenses for the period October 29, 2009, through October 25, 2011 (hereinafter the "Application" – Docket No. 826) filed on October 31, 2011, by Trustee Carl A. Eklund ("Eklund" or "Trustee"). The Application requests an award of fees calculated under 11 U.S.C. § 326(a) in the amount of $730,000[1], which was calculated by including a credit bid by secured creditor American Bank in the amount of $10,676,157.19 for the purchase of estate property known as "Unit 4," plus costs in the amount of $2,269.85. No objections were filed, but the Court set the Application for hearing on February 9, 2012, to allow the Trustee to brief and argue the decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") in *United States Trustee v. Tamm (In re Hokulani Square, Inc.)*, 460 B.R. 763, 777-78 (9th Cir. BAP 2011), which concluded that the plain meaning of the term "moneys disbursed" in § 326(a) as used to calculate the cap on trustee compensation cannot include secured creditors' credit bids. The Trustee filed a brief and appeared at the hearing. After hearing argument of counsel the Court took the Application under advisement. For the reasons set forth below, based on *Tamm* this Court denies the Application

---

[1]The $730,000 reflects a voluntary write down of $1,967.61 by Eklund.

and authorizes the Trustee to refile his application for fees and costs calculated by omitting the credit bid.

Eklund appeared at the hearing represented by attorneys Vincent Marriott ("Marriott") and Steve Johnson. No testimony was heard, and no exhibits were admitted in relation to the Application. Marriott argued at the hearing that the BAP "went astray" in *Tamm* by collapsing a two-step transaction into a one-step transaction. With respect to the BAP's *Tamm* decision, the Trustee argues in his brief that this Court is not bound by it. Eklund argues that credit bids and other constructive disbursements should be included in the § 326(a) calculation, and that the BAP in *Tamm* was in error in employing its "flawed analysis." Like *Tamm*, Eklund's brief reviews cases decided under the Bankruptcy Act and argues that they should be conclusive in interpreting § 326(a).

The relevant facts are not in dispute. This case commenced when petitioning creditors filed an involuntary Chapter 11 petition on September 21, 2009. The petitioning creditors filed an emergency motion for appointment of a trustee. An order for relief under Chapter 11 was entered on October 15, 2009. Eklund was appointed Chapter 11 Trustee by Order entered on October 29, 2009.

Eklund filed the instant Application on October 31, 2011, including the request for $730,000.00 in trustee fees, after a discount, which was calculated pursuant to § 326(a). The Application states on the second page that the total disbursements to parties other than the Debtor will be at least $23,623.920.44. The chart attached to Dkt. 826 as Exhibit A itemizes the $23,623,920.44 in disbursements, and shows just above the total a "Credit Bid" in the amount of $10,676,157.19 described as "Unit 304 Proceeds." That credit bid was submitted by a secured

2

creditor identified in Eklund's brief as American Bank for Unit 304 of the Warren Miller Lodge at the Yellowstone Mountain Club.

Section 326(a) allows a trustee reasonable compensation for services according to a sliding scale formula, calculated "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." *See In re Central Copters, Inc.*, 17 Mont. B.R. 200, 208 (Bankr. D. Mont. 1998), citing *In re Hays Builders, Inc.*, 144 B.R. 778, 779 (Bankr. W.D. Tenn 1992). Section 326(a) provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

By including the $10,676,157.19 credit bid, the Trustee's calculation of fee under the last clause of the formula was $678,717.61, and the total fee was calculated as $731,967.61 which Eklund discounted to $730,000.

In *Tamm*, after considering the plain meaning of § 326(a) and decisions of the Third Circuit and Fifth Circuit[2], the BAP reversed the bankruptcy court's award of a trustee fee under § 362(a), which had been calculated to include a credit bid of secured creditors under 11 U.S.C. § 363(k). 460 B.R. at 765, 770. The BAP concluded, "[b]ased upon how the terms money and disbursement are used in the Code and related statutes, we do not think Congress intended that 'moneys disbursed' in § 326(a) would include the Secured Creditors' credit bid." 460 B.R. at

---

[2] *Staiano v. Cain (In re Lan Assocs. XI, LP)*, 192 F.3d 109, 118 (3d Cir. 1999); *Pritchard v. U.S. Tr. (In re England)*, 153 F.3d 232, 235 (5th Cir. 1998).

774. The BAP allowed that the outcome to the trustee Tamm was harsh, but that excluding credit bids from the meaning of "moneys disbursed" in § 326(a) "is not absurd." *Id.* at 775. The BAP's decision in *Tamm* is in accord with the general holding noted by a leading commentator that credit bid sales should be excluded from the scope of "moneys disbursed" in § 326(a). 3 Alan N. Resnick, Henry J. Sommer, COLLIER ON BANKRUPTCY, ¶ 326.02[1][f][I] (16th ed. 2010).

Eklund argues that this Court is not bound by *Tamm*. This Court agrees, because the Ninth Circuit has never held that all bankruptcy courts in the circuit are bound by the BAP. *In re Silverman*, 616 F.3d 1001, 1005 (9th Cir. 2010). On the other hand the Ninth Circuit has stated that, as a BAP decision, *Tamm* is persuasive authority given its special expertise in bankruptcy issues, and to promote uniformity of bankruptcy law throughout the Ninth Circuit. *Silverman*, 616 F.3d at 1005 n.1; *In re Rosson*, 545 F.3d 764, 772 n. 10 (9th Cir. 2008).

This Court acknowledges the efforts made by Eklund as Trustee in this case, his professionalism and competence, and the positive results he has achieved. The Court also acknowledges the harsh result that following *Tamm* would work on Eklund by reducing his trustee's fee calculated under § 326(a) without the $10,676,157.19 credit bid. Notwithstanding, this Court concludes that the better approach in these circumstances is to follow the BAP's holding of *Tamm*, and allow Eklund to pursue his argument on appeal.

No objection has been filed to Eklund's Application. Therefore, if this Court declines to follow *Tamm* no party is likely to appeal the award of trustee fees calculated including the credit bid. Such a result would be inconsistent with footnote 1 of *Silverman* that courts in this circuit treat the BAP's decision as persuasive authority, and that conflict within the circuit would remain in the absence of an appeal. On the other hand if this Court follows *Tamm* Eklund is free to

appeal. In the meantime the Court will allow Eklund to refile his application for fees and costs omitting the $10,676,157.19 credit bid. If Eklund is able to persuade the appellate courts that *Tamm* is wrongly decided, this Court will reconsider this decision. In this Court's view this approach is more consistent with the requirement that the BAP's decisions be treated as persuasive authority, *Silverman*, 616 F.3d at 1005, n. 1, while preserving Eklund's right to argue for inclusion of the credit bid in the § 326(a) calculation on appeal. Accordingly,

**IT IS ORDERED** that a separate Order shall be entered denying Eklund's Application (Dkt. 826), with leave to refile an application for fees and costs calculated under § 326(a) without the $10,676,157.19 credit bid.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana