UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**BLX GROUP INC**,

Debtor.

Case No. **09-61893-11**

# MEMORANDUM of DECISION

At Butte in said District this 12th day of March, 2012.

In this Chapter 11 bankruptcy, after due notice, a hearing was held October 17, 2011, in Missoula on confirmation of the Trustee's Third Amended Plan of Liquidation filed September 8, 2011, as supplemented by the Addendum filed October 7, 2011 (the "Plan"). Vincent J. Marriott, III of Philadelphia, Pennsylvania, James P. Bickford of Denver, Colorado and Michael P. Talia of Great Falls, Montana appeared at the hearing on behalf of Carl A. Eklund, the Chapter 11 Trustee for the estate of BLX Group, Inc.; Patrick T. Fox of Helena, Montana appeared at the hearing on behalf of Timothy Blixseth ("Blixseth"); and Charles W. Hingle of Billings, Montana appeared on behalf of Marc S. Kirschner, Trustee of the Yellowstone Club Liquidating Trust ("YCLT"). Carl A. Eklund testified in support of confirmation. The Trustee's Exhibits 1 through 19 and Blixseth's Exhibits 1 through 6 were admitted into evidence.

Following the October 17, 2011, hearing, the Court entered a Memorandum of Decision and Order on November 22, 2011, resolving all matters regarding confirmation except one. As

to the one matter not resolved, the Court explained in the November 22, 2011, Memorandum of Decision that it was not persuaded, based upon the evidence presented at that time, that paragraph 8(c) of Article II of the Trustee's Third Amended Plan of Liquidation, which granted YCLT an Allowed Claim in Class 5 in the amount of $234,535,594.92, was necessarily consistent with other Orders entered by this Court.  Based upon the foregoing, the Court wrote:

> The Trustee, as the Plan proponent, has the burden of proof with respect to confirmation. The Trustee must reconcile the decision he seeks in this case with the decision reached by this Court in Adversary Proceeding 09-00014.  At this time, the Court finds the Trustee has not sustained his burden of proof with respect to paragraph 8(c) of Article II of the Plan.

The Court set an additional hearing on approval of paragraph 8(c) of Article II of the Trustee's Third Amended Plan of Liquidation for December 20, 2011.  Upon request of the Chapter 11 Trustee, the December 20, 2011, hearing was continued to February 9, 2012.  At the February 9, 2012, hearing, the Court again continued the matter to March 6, 2012.

Following the February 9, 2012, hearing, Carl A. Eklund, the duly appointed Chapter 11 Trustee herein ("Trustee") for the bankruptcy estate (the "Estate") of BLX Group, Inc. filed on February 13, 2012, a Modified Third Amended Plan of Reorganization and a Motion for an Order that (A) the Trustee's Modified Third Amended Plan of Reorganization is Consistent with and Permissible Under the Requirements of 11 U.S.C. § 1127(a) and (B) all Creditors that Accepted the Trustee's Third Amended Plan of Reorganization Shall be Deemed to Accept the Trustee's Modified Third Amended Plan of Reorganization.[1]  In the February 13, 2012, Rule 3019 Motion, the Trustee requests entry of an order that the Trustee's Modified Third Amended

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

Plan of Liquidation filed February 13, 2012, is permitted by and consistent with the requirements of 11 U.S.C. § 1127(a), and that said Modified Plan does not adversely affect creditors who previously accepted the Trustee's Third Amended Plan of Liquidation filed September 8, 2011, and therefore that pursuant to Rule 3019,[2] all creditors who accepted the Third Amended Plan are deemed to have accepted the Modified Plan, and that the Modified Plan does not require additional disclosure under 11 U.S.C. § 1125 or the resolicitation of acceptances or rejections of the Modified Plan under 11 U.S.C. § 1126. The Court entered a Notice setting the Trustee's February 13, 2012, Rule 3019 Motion for hearing on March 6, 2012, so it could be heard in conjunction with the further hearing on paragraph 8(c) of Article II of the Trustee's Third Amended Plan of Liquidation. Blixseth filed a continuing objection to confirmation of the Trustee's Modified Third Amended Plan of Liquidation on February 27, 2012.

At the March 6, 2012, hearing, Vincent J. Marriott, III again appeared on behalf of Carl A. Eklund, the Chapter 11 Trustee for the estate of BLX Group, Inc.; and Patrick T. Fox of Helena, Montana and Philip H. Stillman of Miami Beach, Florida appeared at the hearing on behalf of Blixseth. The Chapter 11 Trustee, Carl A. Eklund testified at the continued March 6, 2012, hearing and additional Exhibits 20, 21, 22 and 23 were admitted into evidence without

---

[2] Rule 3019 reads in relevant part:

(a) Modification of plan before confirmation
In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

3

objection.

As noted in the November 22, 2011, Memorandum of Decision, the sole objection to confirmation of the Plan was lodged by Blixseth, who claims he is a party in interest. Blixseth filed on April 14, 2010, a claim in this case, Proof of Claim No. 14, which does not appear to have been withdrawn, asserting an unsecured claim in the amount of $999,996 for management services stemming from Blixseth's marital settlement agreement with Edra Blixseth. Subsequently, Blixseth has argued and stated that he is not a creditor, but is a party in interest. The Trustee counters that Blixseth is not a party in interest with standing to object to confirmation. It does not appear the Trustee has objected to Blixseth's Proof of Claim No. 14 filed April 14, 2010. Pursuant to 11 U.S.C. § 1109, "[a] party in interest, including . . . a creditor, . . . may raise and may appear and be heard on any issue in a case under this chapter." In the Objection to Confirmation, dkt 801, Blixseth's counsel states on page 7 that Blixseth has not filed a proof of claim. Given the record and statements made at hearings and in pleadings by Blixseth's counsel that he is not a creditor, but is a party in interest, the Court finds Blixseth, by his own concession, is a party in interest who may appear and be heard in this Chapter 11 bankruptcy case.

Mr. Eklund testified at the March 6, 2012, hearing that following entry of the Memorandum of Decision and Order on November 22, 2011, he and YCLT engaged in further discussions and as a result of the discussions, the Trustee amended the Third Amended Plan of Liquidation to provide, in Article II, Paragraph 8(c):

> *Partial Allowance of Claim of the YCLT.* The Class 5 Claim of the YCLT in the amount of $234,458,031.87 (the "Gross YCLT Class 5 Claim Amount") shall be deemed Allowed in the amount of $40,067,962.43, or in such greater

4

amount as shall be awarded by any final judgment with respect to the YCLT Blixseth Claims, but in no event in excess of the Gross YCLT Class 5 Claim Amount. The YCLT shall retain any and all rights to assert any portion of the Gross YCLT Class 5 Claim Amount not deemed Allowed in accordance with the foregoing, and to oppose on any available grounds an objection, if any, filed in accordance with this Plan on or before the Claims Objection Bar Date with respect to such portion that is not deemed Allowed.

In other words, the Trustee's Modified Plan essentially reduced the allowed amount of YCLT's claim from $234,535,594.92 to $40,067,962.43. YCLT consents to its amended treatment. Other than the treatment of YCLT's claim, the Trustee's Third Amended Plan of Liquidation and the Trustee's Modified Third Amended Plan of Liquidation are identical. Because the Modified Plan does not adversely impact any creditor, other than YCLT, and because the Court has not received any opposition to the Trustee's Motion, the Court grants the Trustee's Rule 3019 Motion filed February 13, 2012.

The Debtor in this case owned 82.6532 percent of the Class A stock in Yellowstone Mountain Club, LLC and Yellowstone Development, LLC. Yellowstone Mountain Club, LLC and Yellowstone Development, LLC, along with related entities Big Sky Ridge, LLC, and Yellowstone Club Construction Company, LLC (collectively the "Yellowstone Club entities"), sought protection under the Bankruptcy Code in November of 2008. YCLT was created as a result of the Order confirming the Yellowstone Club entities' Chapter 11 plan. It is undisputed that the Yellowstone Club entities transferred funds totaling $234,535,594.92 to the Debtor during the fall of 2005. The transfer of said funds to the Debtor was nominally evidenced by three promissory notes. In a prior decision, this Court concluded the promissory notes were a sham and that the funds were fraudulently taken from the Yellowstone Club entities.

The Trustee testified that the decision to allow YCLT's claim in the amount of

$40,067,962.43 at the present time permits this case to move toward finality and allows the Trustee to pay the administrative claims and the convenience class creditors.  The Trustee does not currently have money to pay unsecured creditors, including YCLT, and may never have funds to pay the unsecured creditors.  Similarly, the Trustee does not have sufficient funds on hand to litigate YCLT's claim and in fact, does not dispute that the Yellowstone Club entities transferred $234,535,594.92 to the Debtor.  The transfer of said funds, whether it be in the form of promissory notes or fraudulent transfers, represents, in the Trustee's opinion, a valid obligation owed by this Debtor to the Yellowstone Club entities.  The Trustee is seeking to treat such claim as an allowed unsecured claim in the amount of $40,067,962.43.

Given the additional testimony of Mr. Eklund, the Court finds that his treatment of YCLT in the Modified Third Amended Plan of Liquidation is not inconsistent with prior Orders of this Court.  The Court also agrees with the Trustee that it is not only important what creditors get, but when they get it.  As stated earlier, the Trustee has sufficient funds on hand at this time to pay the outstanding administrative claims and the convenience class claims.  The Trustee may never have sufficient funds to provide a distribution to unsecured creditors and it would be a waste of scarce resources for the Trustee to litigate a claim at this time that may never be paid.

Blixseth counters that the Trustee's treatment of YCLT's claim in the Modified Third Amended Plan of Liquidation does not satisfy the notice requirements of Rule 9019.  The Trustee's modification of YCLT's claim, with YCLT's consent, is not a Rule 9019 matter.  The Trustee is merely proposing a certain treatment of YCLT's claim, which, with YCLT's consent, is not impermissible under the Bankruptcy Code.

All matters considered, and based upon the Trustee's uncontroverted testimony, the Court

finds that the Trustee's Modified Plan has been proposed in good faith and not by any means forbidden by law in satisfaction of 11 U.S.C. § 1129(a)(3). The evidence shows that each class of creditors has accepted the Plan. Finally, with respect to creditors, the Court finds that the Trustee's Modified Plan is fair and equitable and satisfies 11 U.S.C. § 1129(b)(2)(A) and (B). For the reasons discussed above and for the reasons discussed in the Court's November 22, 2011, Memorandum of Decision, the Court will enter a separate order as follows:

IT IS ORDERED that the Trustee's Motion for an Order that (A) the Trustee's Modified Third Amended Plan of Reorganization is Consistent with and Permissible Under the Requirements of 11 U.S.C. § 1127(a) and (B) all Creditors that Accepted the Trustee's Third Amended Plan of Reorganization Shall be Deemed to Accept the Trustee's Modified Third Amended Plan of Reorganization filed February 13, 2012, at docket entry no. 897 is GRANTED.

IT IS FURTHER ORDERED that the Trustee's Modified Third Amended Plan of Liquidation filed February 13, 2012, at docket entry no. 896 is CONFIRMED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana